Filed 10/27/25  P. v. Melgoza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIO MELGOZA,<br><br>    Defendant and Appellant. | H052985<br>(Santa Cruz County<br> Super. Ct. No. 23CR01643) |

After a motion to suppress was denied, Mario Melgoza pleaded guilty to one count of possession of a controlled substance with a firearm and was sentenced to three years in prison.  Melgoza appealed, and counsel was appointed to represent him.  Counsel filed an opening briefing describing the underlying facts and the case, but raised no issues.  We notified Melgoza of his right to submit written argument on his own behalf, but received no response.

We have reviewed the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude that there is no arguable issue for appeal and therefore affirm the judgment.

## I. BACKGROUND

According to testimony from the preliminary hearing in this case, on the night of April 2, 2023, a Watsonville police officer observed a gold Suzuki midsize SUV pull in

front of him, its tires screeching, engine revving, and plume of smoke coming from its rear wheels. The SUV came to an abrupt stop, spun out its rear wheels again, and proceeded onwards, leaving tire marks on the pavement. Believing that the driver was exhibiting speed in violation of Vehicle Code section 23109, subdivision (c), the officer pulled over the SUV.

When the officer approached, the driver, who was identified as Melgoza, was yelling profanities and acting very aggressively, though Melgoza asserted that he was angry at a woman on the sidewalk. While the officer asked for identifying documents, he observed that Melgoza was acting very nervous and jittery, far more than usual for a law enforcement contact. Based on this behavior, the officer suspected that Melgoza was under the influence of a controlled substance. As an initial test, the officer asked Melgoza to look at him and close his eyes. When Melgoza did so, the officer noticed eyelid flutter or tremors, which in the officer's experience is consistent with the influence of a controlled substance. Based on subsequent field sobriety tests, Melgoza was arrested for driving under the influence of a stimulant.

After investigating whether Melgoza was driving under the influence, the police searched Melgoza and his car. In Melgoza's jacket, the police found a glass pipe with burn marks consistent with methamphetamine use as well as a 3.8-gram crystallized substance that was later determined to be methamphetamine. In the car, the police found a loaded pistol and 177 grams of a black tar-like substance that was later determined to be heroin. The police also found a notebook with names and dollar amounts that appeared to be a "pay/owe" sheet, a scale, and large amount of cash.

About two weeks after Melgoza's arrest, a criminal complaint was filed against him. The complaint charged Melgoza with seven counts: (1) possession of a controlled substance with a firearm in violation of Health and Safety Code section 11370.1, subdivision (a); (2) possession of a firearm by a convicted felon in violation of Penal Code section 29800, subdivision (a)(1); (3) possession of a controlled substance (heroin)

2

for sale in violation of Health and Safety Code section 11351; (4) possession of ammunition by a convicted felon in violation of Penal Code section 30305, subdivision (a)(1); (5) misdemeanor possession of an ingestion device in violation of Health and Safety Code section 11364, subdivision (a); (6) misdemeanor possession of a controlled substance (methamphetamine) in violation of Health and Safety Code section 11377, subdivision (a); and (7) misdemeanor exhibition of speed in violation of Vehicle Code section 23109, subdivision (c).

Melgoza moved to suppress the evidence gathered or obtained on the day of his arrest, including the pistol, ammunition, and drugs. While Melgoza did not dispute that the police had grounds for initiating a traffic stop, he contended that the police unduly prolonged the stop and extended the investigation without probable cause. The trial court subsequently conducted a preliminary hearing concurrently with a hearing on the motion to suppress. At the hearing, the police officer who stopped Melgoza's car explained his reasons for investigating whether Melgoza was under the influence as well as describing the evidence discovered in the search relating to that investigation. Afterwards, the trial court denied the motion to suppress and found sufficient cause to hold Melgoza to answer the complaint.

Melgoza subsequently entered into a stipulated disposition agreement in which he pleaded no contest to the first count of the complaint, possession of a controlled substance with a firearm in violation of Health and Safety Code section 11370.1, subdivision (a), in exchange for a three-year prison sentence and dismissal of the remaining six counts of the complaint. Finding it appropriate to sentence Melgoza to the mid-term for possession of a firearm in violation of Health and Safety Code section 11370.1, subdivision (a), the trial court imposed a three-year sentence on Melgoza. The trial court also found that Melgoza was entitled to credit for 39 actual days of custody and 38 days of good time. Finally, the court imposed a restitution fine of

3

$300; a parole revocation restitution fine of $300, which was stayed; a $40 operations fee; and a $30 facilities fee.

Melgoza filed a timely notice of appeal. No certificate of probable cause was requested or issued.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106. We find no arguable issue on appeal. Penal Code section 1237.5 prohibits appeal from convictions upon a plea of guilty or no contest unless the defendant has sought and received a certificate of probable cause. Here, Melgoza neither sought nor received such a certificate.

In addition, as a general rule, a guilty or no contest plea waives all appellate challenges except those based upon constitutional, jurisdictional, or other grounds concerning the legality of the proceedings. (*People v. Richardson* (2021) 65 Cal.App.5th 360, 369; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) There is an exception to this rule for matters relating to search and seizure. (Pen. Code, § 1538.5, subd. (m).) However, it is well-settled that police may conduct field sobriety tests on a driver if they have a reasonable suspicion that the driver is under the influence of alcohol or a controlled substance. (See, e.g., *Rodriguez v. United States* (2015) 575 U.S. 348, 355-356; *People v. Superior Court* (*Meyer*) (1981) 118 Cal.App.3d 579, 585-586.) Melgoza's reckless driving, his initial confrontational behavior, and his subsequent abnormal nervousness provided reasonable grounds for the police officer to conduct a quick initial screening by asking Melgoza to close his eyes, and in turn the eyelid tremors that Melgoza experienced provided reasonable grounds for conducting the field sobriety tests that showed he was under the influence. In addition, once the police decided to arrest Melgoza for driving under the influence, they were entitled to search his car incident to that arrest. (See, e.g., *People v. Sims* (2021) 59 Cal.App.5th 943, 951-952; *People v.*

*Quick* (2016) 5 Cal.App.5th 1006, 1012-1013; *People v. Evans* (2011) 200 Cal.App.4th 735, 750.)

In short, we find that Melgoza has no arguable grounds for appeal and therefore conclude that appellate counsel has complied fully with her responsibilities. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

### III. DISPOSITION

The judgment is affirmed.

_____
BROMBERG, J.

WE CONCUR:


_____
GREENWOOD, P. J.


_____
DANNER, J.


*People v. Melgoza*
H052985